UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23038-CV-MOORE
MAGISTRATE JUDGE REID

JERRY DEAN ALLGOOD, II.,

    Plaintiff,

v.

FLA. DEP'T OF CORR., *et al.,*

    Defendants.

_____/

**REPORT OF MAGISTRATE JUDGE**
**RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983**
**[ECF No. 1]**

**I. Introduction**

Plaintiff, **Jerry Dean Allgood, II,** a convicted felon, currently confined at the Northwest Florida Reception Center, has filed a *pro se* civil rights Complaint, pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff makes claims of excessive use of force, failure to intervene, and supervisory liability, arising from a November 10, 2017 incident at the Dade Correctional Institution ("Dade CI") in Miami, Florida. [*Id.*]. He sues the following five Defendants: (1) the Florida Department of Corrections ("FDOC"); together with the following Defendants all working at Dade CI, (2) Sergeant Cure; (3) Officer Bentley; (4) Ofc. Joseph; and, (5) John Doe, a male, Latin, bald-headed, nurse. [*Id.* at 2-3, 6].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

- 1 -

Plaintiff has been granted implicit permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) (*per curiam*) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (*per curiam*). In reviewing a complaint under § 1915(e), the Court takes the allegations as true and construes them in the light most favorable to Plaintiff. *See Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand v. DeKalb Cnty., Ga.,* 103 F.3d 1510, 1513 (11th Cir. 1997)). Under § 1915(e)(2)(B)(i), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). "Bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by . . . well-pleaded factual allegations." *Id.* at 679.

### III. Discussion

#### A. Unlawful Use of Force

1. <u>Relevant Allegations/Facts</u>

Plaintiff alleges that on November 10, 2017, between 6:00 and 6:30 p.m., while confined at Dade CI, he was at "medical" for treatment to a self-inflicted cut. [ECF No. 1 at 3]. While there, Plaintiff alleges he was "placed" in the "shower stall" where he was the victim of a "vicious attack" by Sgt. Cure, Ofc. Bentley, and Ofc. Joseph. [*Id.*]. Plaintiff further alleges they punched and kicked him while he was handcuffed "and could do nothing to defense himself." [*Id.*]. Plaintiff claims that Ofc. Bentley kicked him so hard that he fractured two of Plaintiff's left ribs. [*Id.*].

Because Plaintiff was a convicted felon at the time of the incident, this claim is governed by the Eighth Amendment to the U.S. Constitution which "governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). "Under the Eighth Amendment, force is legitimate in a custodial setting as long as it is 'applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm.'" *Stallworth v. Tyson,* 578 F. App'x 948, 953 (11th Cir. 2014) (*per curiam*); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations omitted). The "focus of the Eighth

Amendment inquiry is on the nature of the force applied, rather than the extent of injury inflicted." *Id.* (citing *Wilkins,* 559 U.S. at 39).

To determine whether the use of force was "objectively unreasonable" courts should consider the following factors: "'(1) the relationship between the need for the use of force and the amount of force used; (2) the extent of Plaintiff's injury; (3) any effort made by the officer to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether Plaintiff was actively resisting.'" *See Quinette v. Reed,* 805 F. App'x 696, 702 (11th Cir. 2020) (*per curiam*) (quoting *Kingsley v. Hendrickson,* 576 U.S. 389, 396-97 (2015)). The claim must be evaluated "through the lens of 'a reasonable officer on the scene'" and not "'with the 20/20 vision of hindsight.'" *Kingsley,* 576 U.S. at 397.

These factors confirm Plaintiff has alleged a minimal claim arising from the unlawful use of force by the foregoing three Defendants after Plaintiff was taken to medical for treatment to a self-inflicted laceration. Plaintiff alleges he was handcuffed and taken to the showers, where he was punched and beaten by the three Defendants, resulting in two broken ribs.

At this early stage of the litigation, because all that is required to avoid dismissal for failure to state a claim is that the Complaint contain factual allegations that lead to a reasonable inference that the Defendants are liable for the alleged misconduct, Plaintiff has stated a sufficient claim of unlawful use of force against Sgt. Cure, Ofc. Bentley, and Ofc. Joseph, especially where Plaintiff claims to have sustained serious injury to his left ribs. Thus, the claim of unlawful use of force against Sgt. Cure, Ofc. Bentley, and Ofc. Joseph should proceed.

### B. Failure to Intervene

Plaintiff also seeks to sue John Doe, a Dade CI male, Latin, bald-headed nurse, claiming the John Doe was present when the other three Defendants used excessive force, punching and kicking Plaintiff, which resulted in a fracture of two left ribs. [ECF No. 1 at 6]. Plaintiff claims

John Doe witnessed the incident, but did nothing to stop it, acting as if Plaintiff deserved the beating. [*Id.*].

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Stone v. Hendry,* 785 F. App'x 763, 767 (11th Cir. 2019) (*per curiam*) (quoting *Caldwell v. Warden, FCI Talladega,* 748 F.3d 1090, 1099 (11th Cir. 2014)). To succeed on a failure-to-intervene claim, Plaintiff must demonstrate that the Defendant: (1) observed or had reason to know that excessive force would be or was being used by another officer, and (2) failed to take reasonable steps to protect the Plaintiff when he was in a position to intervene. *See Detris v. Coats,* 523 F. App'x 612, 616 (11th Cir. 2013) (*per curiam*) (citing *Ensley v. Soper,* 142 F.3d 1402, 1407 (11th Cir. 1998)).

Plaintiff has sufficiently alleged a minimal claim against the John Doe Defendant arising from his failure to intervene as the other three named Defendants used unlawful force to kick and punch Plaintiff resulting in two fractured left ribs. As a general rule, fictitious-party pleading is not permitted in federal court, however, a plaintiff is allowed to identify the defendant as "John Doe" in his initial pleadings where the plaintiff's description is specific and discovery would uncover the defendant's identity. *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Thus, at this juncture, the Complaint should proceed against the John Doe Nurse on a claim of failure to intervene.

### C. Official Capacity Claims and Eleventh Amendment Immunity

Plaintiff sues Sgt. Cure, Ofc. Bentley, and Ofc. Joseph in their "official capacity" claiming they violated "official policy." [ECF No. 1 at 6]. The claims against these three named Defendant fail as a matter of law because he is effectively suing the state, which has not consented to suit, therefore, the claims are barred by sovereign immunity. *See Tucker v. Sec'y, Dep't of Corr.,* 19-14057-G, 2020 WL 1846984, at *2 (11th Cir. Feb. 13, 2020) (*per curiam*) (citing *Will v. Mich.*

*Dep't of State Police,* 491 U.S. 58, 71 (1989); *Gamble v. Fla. Dep't of Health and Rehab. Servs.,* 779 F.2d 1509, 1511 (11th Cir. 1986)).

Plaintiff also sues the FDOC, claiming it is responsible for Sgt. Cure, Ofc. Bentley, and Ofc. Joseph violating FDOC department policy or custom. [ECF No. 1 at 6]. The FDOC is not a proper party and should be dismissed as the State is entitled to Eleventh Amendment immunity. *See Leonard v. Dep't of Corr. Fla.,* 232 F. App'x 892, 894 (11th Cir. 2007) (*per curiam*) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment.") (citing *Stevens v. Gay,* 864 F.2d 113, 115 (11th Cir. 1989)).

## IV. Recommendations

Based upon the above, it is recommended that:

1. The unlawful use of force claim **PROCEED** against Sgt. Cure, Ofc. Bentley, and Ofc. Joseph in their individual capacity;

2. The failure to intervene claim **PROCEED** against the John Doe male, Latin, bald-headed nurse;

3. The Complaint against Sgt. Cure, Ofc. Bentley, and Ofc. Joseph in their official capacity be **DISMISSED**; and,

4. The Complaint be **DISMISSED** against the FDOC.

Objections to this Report may be filed with the Chief District Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the Chief District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the Chief District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 21st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jerry Dean Allgood, II, *Pro Se*
DC#E40073
Northwest Florida Reception Center
4455 Sam Mitchell Drive
Chipley, FL  32428