UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23038-KMM

JERRY DEAN ALLGOOD, II,

    Plaintiff,

v.

FLA. DEP'T OF CORR., *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court *sua sponte*. This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation to this Court to determine the amount of damages to which Plaintiff is entitled (ECF No. 39). This referral follows the Court's Order granting, in part, pro se Plaintiff Jerry Dean Allgood, II's, ("Plaintiff or "Allgood") Motion for Default Judgment against Defendants Ofc. Joseph and Ofc. Bentley (collectively "Defendants") (ECF No. 36). The Court granted the Motion with respect to liability, but denied Plaintiff's request for judgment on damages, which Plaintiff argues constitutes $150,000 based on "punitive and exemplary damages." However, this is not a liquidated amount, and despite the Court's instruction to do so, Plaintiff did not support the motion with affidavits or exhibits proving his damages. The Court accordingly referred the matter to the undersigned for a determination of damages (ECF No. 39).

1

I set the referred matter for an evidentiary hearing on June 28, 2022, at 10:00 A.M via Zoom video conference. (ECF No. 40). The Order setting the hearing set a deadline for the Parties to submit exhibits on which either might rely by no later than June 20, 2022—Plaintiff was required to mail his exhibits and Defendants ordered to file a list of their exhibits. Neither party submitted any exhibits as required in advance of the hearing. On the day of the hearing, no party joined the videoconference opened by the Court. The hearing was concluded in approximately 20 minutes. (ECF No. 43).

On June 28, 2022, I issued an Order requiring Plaintiff to provide a Notice of Current Address, reminding Plaintiff of the Court's previous instruction (ECF No. 3), to promptly update the Court of any change in his address (ECF No. 42). The Order warned Plaintiff that failure to comply may result in dismissal of this action (*Id.*). However, Plaintiff has yet to comply with the Court's Order.

**I.      DISCUSSION**

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*; *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (citations omitted)).

Since filing a Notice of Inquiry on October 22, 2021, (ECF No. 38), Plaintiff has failed to communicate with the Court at all—not to update his address as ordered, request a reset of the evidentiary hearing, or otherwise litigate these claims in any way. More than 9 months have passed since Plaintiff last corresponded with the Court. Because Plaintiff has already filed a Notice of Inquiry and other motions, including a Motion for Default Judgment, it is evident that Plaintiff is apprised of the procedures for which to inquire about this case and correspond with the Court. *See* (ECF Nos. 28, 34, 36, 38).

Plaintiff's failure to comply deprives the Court of any meaningful further opportunity to take evidence or make findings on his damages. The Court explicitly warned Plaintiff that failure to comply with the Court's Order may result in dismissal of this action. (ECF No. 42) ("Plaintiff is hereby advised that failure to comply with this order may result in the dismissal of this action."). Although dismissal is warranted based on Plaintiff's non-compliance, the Court considers Plaintiff's pro se status and recommends that he be afforded an opportunity to show cause as to why this action should not be dismissed.

## II.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Court enter an order directing Plaintiff to show cause why this action should not be dismissed for failure to comply with court orders and prosecute his case. If Plaintiff fails to show cause, I recommend that the instant action be dismissed, without prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 19th day of August, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE